**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 27, 2022.**



_____
CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-50484-cag |
| | § | |
| GDC TECHNICS, LLC, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

### ORDER DISALLOWING CLAIM NO. 129 FILED BY EMERALD AEROSPACE, LLC

Came on for consideration Claim #129 filed by Emerald Aerospace, LLC ("Emerald" or "Claimant"). In the process of litigating Claim #129, the Court allowed the Reorganized Debtor ("Reorganized Debtor" or "GDC") and the Trustee for the GDC Creditors' Liquidating Trust ("Trustee") to file motions to dismiss Claim #129. GDC, Trustee, and Emerald then filed the following moving papers: Reorganized Debtor's Motion to Dismiss Claim No. 129 (ECF No. 553)[1] ("GDC's Motion to Dismiss"); Trustee's Motion for Dismissal and Disallowance of Proof of Claim No. 129 filed by Emerald Aerospace LLC (ECF No. 555) ("Trustee's Motion to Dismiss");

---

[1] ECF denotes electronic filing number. Unless otherwise specified, all ECF references in this Order are to Bankruptcy Case No. 21-50484.

1

Consolidated Response to Motions for Dismissal and Disallowance of Proof of Claim No. 129 (DKT. 553 & 555) (ECF No. 564) ("Consolidated Response"); Trustee's Reply in Support of his Motion for Dismissal and Disallowance of Proof of Claim No. 129 filed by Emerald Aerospace LLC (ECF No. 568) ("Trustee's Reply"); and Reply in Support of Reorganized Debtor's Motion to Dismiss Claim No. 129 (ECF No. 570) ("GDC's Reply"). For the reasons stated herein, the Court finds that Claim #129 should be DISALLOWED in its entirety.

## PROCEDURAL HISTORY

Now-Reorganized Debtor GDC Technics, LLC filed for Chapter 11 bankruptcy protection on April 26, 2021. The Clerk of Court set August 18, 2021 as the deadline to file proofs of claims. Putative-creditor Emerald filed its proof of claim (Claim #129) on the deadline. Ahmed Bashir, principal of Emerald, filed a proof of claim (Claim #122)[2] on the same day based on a qui tam action he brought as a relator on behalf of the United States in the Western District of Washington.[3]

Claim #129 alleges that Emerald holds a claim against GDC for $7.7 million for "[c]onspiracy and aiding abetting Fraud." (Claim #129, ¶¶ 7–8). Attached to Claim #129 is a three-page addendum ("Addendum") elaborating on the basis for the proof of claim. In summary form, the Addendum argues that GDC and Boeing conspired to award GDC subcontracts for work on aircraft for the India Head of State which should have been awarded to Emerald. (Addendum, ¶¶ 2–3). Emerald claims Boeing fraudulently misrepresented its selection process to Emerald, inducing Emerald to devote manpower and money to developing a bid for the project. (*Id.*). Rather than subcontracting with Emerald after purportedly "inform[ing] Emerald that its proposal was judged as best technical, best price, and lowest execution risk," Boeing awarded the projects "to

---

[2] The Court will issue a separate order addressing Claim #122.
[3] The qui tam action in the Western District of Washington is styled *United States ex rel. Ahmed Bashir v. Boeing Co.*, 19-CV-00600-RSM.

GDC – even though GDC was the least qualified, experienced, and were financially insolvent and undercapitalized." (*Id.* at ¶¶ 3–4). Emerald asserts this conspiracy to select underqualified GDC defrauded Emerald of the reasonable value of the services it conveyed to Boeing by submitting its bid on the project. (*Id.* at ¶ 5).

GDC filed Debtor's Objection to Claim No. 129 of Emerald Aerospace, LLC (ECF No. 367) ("Objection to Claim") on August 25, 2021. Claimant filed Emerald Aerospace, LLC's Response to Debtor's Objection to Claim No. 129 (ECF No. 504)[4] ("Response to Objection") on October 22, 2021. GDC later filed an Unopposed Motion to Continue Hearings and Convert to Status Conference (ECF No. 532), which the Court granted (ECF No. 533). The Court then held a status conference regarding Claims #122 and #129 on December 20, 2021.

At the status conference, the parties debated what process would most efficiently determine the validity of Claims #122 and #129. After hearing argument, the Court permitted Debtor and Trustee to file motions to dismiss under Federal Rule of Bankruptcy Procedure ("Rule(s)") 7012. The Court did not specify whether Rules 7008 and 7009 would be incorporated into an analysis under Rule 7012. The Court then issued its Preliminary Scheduling Order and Procedures Regarding Proofs of Claim 122 and 129 (ECF No. 549) ("Scheduling Order") reflecting the decision reached at the status conference.

Thereafter the parties engaged in the "Rule 12 process" they had described at the hearing. First, the objecting parties filed GDC's Motion to Dismiss and Trustee's Motion to Dismiss. Second, Emerald filed its Consolidated Response. Lastly, Trustee's Reply and GDC's Reply followed.

The Court held a hearing on June 1, 2022 to hear argument on the moving papers.

---

[4] Emerald filed a previous response with the same title at ECF No. 496, which was dismissed for noncompliance with the Local Rules at ECF No. 501.

3

**PARTIES' ARGUMENTS**

GDC's Motion to Dismiss asks that Claim #129 be disallowed and dismissed. GDC's Motion to Dismiss first broadly argues that the alleged misrepresentation regarding the selection process is vague, indefinite, and a subjective statement about future events, so it cannot be the basis for fraud. (ECF No. 553, at 1). Next, GDC argues that Emerald's Claim #129 substantively must fail for two reasons. First, it must be disallowed because no cause of action for aiding and abetting exists under Texas law. (*Id.* at 2). Second, the conspiracy part of the claim must fail because Emerald alleged no facts supporting a meeting of the minds between GDC and Boeing. (*Id.*). Lastly, GDC argues that Emerald has not alleged sufficient factual information in Claim #129 to survive Rule 7009's particularity standard. (*Id.*).

Trustee's Motion to Dismiss advances similar arguments. Trustee stresses that Claim #129 focuses on Boeing and is "remarkably free of any facts whatsoever about GDC's conduct." (ECF No. 555, at 1). Trustee asserts that Claim #129 must be dismissed and disallowed because it is barred by the statute of limitations. (*Id.* at 4–6). Trustee further argues that the claim must be dismissed and disallowed because Claim #129 fails to state a claim upon which relief can be granted because it fails to allege two elements of conspiracy to commit fraud: justified reliance and a meeting of the minds. (*Id.* at 6–9). Lastly, Trustee (like GDC) informs the Court that aiding and abetting does not exist under Texas law. (*Id.* at 9–10).

The Consolidated Response raises both procedural and substantive defenses. The Consolidated Response principally argues that subjecting the proof of claim to Rules 7008 and 7009 would deprive Emerald of procedural due process because only Rule 3001 applied when Emerald filed Claim #129. (ECF No. 564, at 3–7). Emerald proposes three solutions: amending the proof of claim, converting to an adversary proceeding, or denying the motions to dismiss

4

outright because the proof of claim asserts sufficient facts or allegations to put the Debtor on notice of potential liability under Rule 3001. (*Id.* at 7). Emerald further argues that the statute of limitations has not run because the subcontract was awarded to GDC less than four years ago (within the limitations period) and that when the statute of limitations clock began to run is a question of fact inappropriate for this procedural posture regardless. (*Id.* at 7–8). The Consolidated Response curiously cites the statute of limitations for breach of fiduciary duty, not conspiracy to commit fraud. (*Id.*).

Substantively, Emerald argues its proof of claim sufficiently alleges a claim for fraud because it stated that Boeing continuously repeated it would conduct its selection process with impartiality. (*Id.* at 8). Emerald, therefore, suffered from "string-along fraud." (*Id.* at 9). Responding to the Trustee's assertion that Emerald did not justifiably rely on Boeing's (mis)representations because Emerald heard rumors of GDC's preferential treatment before Emerald submitted its bids, Emerald asserts the cases the Trustee cites support concluding the rumors do not render reliance unjustified. (*Id.*). Moreover, Emerald argues justified reliance is a question of fact inappropriate for the motion to dismiss stage. (*Id.* at 9–10). Emerald acknowledges that aiding and abetting is not a cause of action in Texas, stating the word choice was "stylistic . . . to describe Boeing and GDC's fraudulent scheme." (*Id.* at 8).

Trustee replies that Rules 7008 and 7009 are properly applied at this juncture because the Court authorized motions to dismiss under Rule 7012, which incorporates the pleading standards of Rules 7008 and 7009. (ECF No. 568, at 1–3). Next, Trustee attacks Emerald's argument that it suffered "string-along fraud" because the proof of claim only identifies a single misstatement. Relatedly, Trustee argues that the proof of claim pleads no fact indicating that GDC was aware Emerald bid on the project or that GDC and Boeing had the specific intent to agree GDC would

5

bid by unlawful means. (*Id.* at 4). Trustee repeats his argument that Emerald's claim is barred by the statute of limitations because, as admitted in the proof of claim, Emerald was aware of GDC's alleged preferential treatment "[b]egining in December 2016." (*Id.* at 5). Trustee also reiterates that Emerald could not have justifiably relied on Boeing's promise of an impartial selection process, amounting in claimed damage for submitting a bid, after Emerald learned that GDC would receive special treatment. (*Id.* at 6). Trustee now argues Emerald should not be permitted to amend its proof of claim because amendment would cause GDC's creditors undue delay and prejudice. (*Id.* at 7).

GDC's Reply reiterates that a subjective statement regarding future conduct cannot underpin a claim of fraud and alerts the Court that Emerald did not respond to this point. (ECF No. 570 at 2). Like the Trustee, GDC argues that the proof of claim only identifies one misrepresentation, so Emerald's "string-along fraud" theory does not comport with its proof of claim; and if Emerald suffered ongoing fraud, it would needed to have plead more than one misrepresentation. (*Id.* at 3). GDC also stresses that Emerald has alleged no facts suggesting GDC conspired with Boeing, so Emerald fails to state a claim against GDC. (*Id.* at 4). GDC also argues that analyzing Claim #129 under Rules 7008 and 7009 is appropriate after the Court issued its Scheduling Order authorizing Rule 7012 motions because a Rule 7012 analysis invokes Rules 7008 and 7009. (*Id.* at 5–7). GDC argues any opportunity for Emerald to amend its proof of claim would be futile, so the Court should deny that request. (*Id.* at 7). Should the Court grant leave to amend, GDC asks to file an updated motion to dismiss. (*Id.* at 8).

## ANALYSIS

The Court, for the reasons stated herein, finds Claim #129 should be DISALLOWED. While the Court doubts Emerald could substantively prevail over the motions to dismiss, the Court

need not reach the merits because Claim #129 procedurally fails. Whether the applicable statute of limitations for a claim has run is a legal question appropriately decided at the motion to dismiss stage. *Taylor v. Bailey Tool Mrg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) ("A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling.") (citations omitted); *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998) (statute of limitations is a question of law if reasonable minds could not differ as to when the limitations period began). Here, the statute of limitations to bring a claim for conspiracy to commit fraud ran months before Emerald filed Claim #129. Moreover, "aiding and abetting" has not been recognized as a cause of action in Texas, so any portion of Claim #129 premised on that theory is incognizable.

I. **The Conspiracy to Commit Fraud Claim is Barred by the Statute of Limitations.**

Trustee is correct that the conspiracy to commit fraud component of Claim #129 is barred by the statute of limitations. Civil conspiracy is not an independent tort in Texas. *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). The statute of limitations for civil conspiracy, therefore, is tied to the underlying tort which is the object of the conspiracy. *Id.* The limitations period begins to run for a civil conspiracy when the "underlying tort of the conspiracy damages the plaintiff." *Id.* at 144. Here, Emerald attempted to plead a conspiracy to commit fraud, so the statute of limitations for fraud applies.

The limitations period for fraud is four years. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (West 2021). A cause of action for fraud accrues on the date the defendant makes the false representation. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). The limitations period, however, does not begin to run until the fraud is discovered or could have been discovered through reasonable diligence. *Hooks v. Samson Lone Star, L.P.*, 457 S.W.3d 52, 57

7

(Tex. 2015); **Little v. Smith**, 943 S.W.2d 414, 420 (Tex. 1997). For the discovery rule to apply and defer accrual, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable. **Barker v. Eckman**, 213 S.W.3d 306, 312 (Tex. 2006). The plaintiff bears the burden of proving the discovery rule applies. *Id.* The discovery rule generally presents a question of fact, but if reasonable minds could not differ based on facts within the record, then the commencement of the limitations period may be determined as a matter of law. *Childs*, 974 S.W.2d at 44.

Here, Emerald admits to knowing that Boeing would give GDC special treatment contrary to their selection process statement of impartiality. (Addendum, ¶ 5). Specifically, the Addendum states that "[b]eginning in December 2016, certain program managers with Boeing started reporting to Emerald that Boeing executives on unrelated programs have requested that GDC be added to the bidder list [for the India Head of State Projects] and that GDC be 'considered favorably' in connection with the award." (*Id.*). Even if the Court were to assume generously these reports were made on the last day of that month, the limitations period would have run because August 18, 2021 is more than four years after December 31, 2016.

Emerald cannot select a later date that suits its purposes after admitting this knowledge. Emerald's contention that the limitations period began when Boeing awarded GDC the subcontract in 2018 is wrong. Because fraud accrues on the date the misrepresentation was made, and logic dictates that Boeing must have made the misrepresentation about its selection process before allegedly wrongfully selected GDC, the cause of action would have accrued when Boeing told Emerald it would conduct its selection process with impartiality. Assuming the discovery rule applies, the limitations period would have begun to run in December 2016. Either one of these

dates places the cause of action beyond the limitations period. Time-barred as a matter of law, any portion of Claim #129 based on (conspiracy to commit) fraud is DISALLOWED.

## II. The Court will Not Find Liability for Aiding and Abetting.

Emerald cites "aiding and abetting Fraud" as a basis for its claimed $7.7 million. The Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017). After GDC and Trustee raised this issue, Emerald conceded in its Consolidated Response that "no such cause of action exists under Texas law." (ECF No. 564, at 8). Emerald rather suggests using the phrase "aiding and abetting" was a "stylistic choice" to describe participation in the fraudulent scheme. *Id.* The Court will not allow a liability on a claim the Claimant calls a stylistic choice and which arguably does not exist under applicable law. Any portion of Claim #129 premised on aiding and abetting fraud is therefore DISALLOWED.

## CONCLUSION

IT IS THEREFORE ORDERED that Claim #129 by Emerald Aerospace, LLC is DISALLOWED in its entirety.

IT IS FURTHER ORDERED that Reorganized Debtor's Motion to Dismiss Claim No. 129 (ECF No. 553) is MOOT.

IT IS FURTHER ORDERD that Trustee's Motion for Dismissal and Disallowance of Proof of Claim No. 129 Filed by Emerald Aerospace, LLC is GRANTED.